UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>    Plaintiff,<br><br>v.<br><br>UPPER CHESAPEAKE HEALTH<br>SYSTEM, INC.,<br>520 Upper Chesapeake Drive<br>Bel Air, MD 21014<br><br>    Defendant. | Civil Action No.<br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Deborah Ropiski ("Ropiski"), who was adversely affected by such practices.

As alleged with greater particularity in the Statement of Claims below, Defendant Upper Chesapeake Health System, Inc. ("Defendant") unlawfully discriminated against Ropiski when it failed to reassign her to a vacant position as a reasonable accommodation for her disability, Usher's Syndrome, resulting in her discharge, and failed to rehire her into a vacant position for which she was qualified. The EEOC also alleges that Defendant took adverse employment

actions against Ropiski in retaliation for requesting accommodations and for filing EEOC Charges.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has been a Maryland corporation doing business in the State of Maryland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Ropiski filed charges with the Commission alleging violations of Title I and Title V of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Ropiski has Usher's Syndrome, a rare genetic disorder which substantially limits one or more of her major life activities and bodily functions, including but not limited to seeing and hearing, and the functioning of her special sense organs (eyes and ears).

9. Ropiski is an individual with a disability within the meaning of the ADA who, at all relevant times, could perform the essential functions of several jobs with Defendant with or without a reasonable accommodation.

10. Ropiski began her employment with Defendant as a Registered Respiratory Therapist ("RRT") in 1989. In or about 2003, Ropiski began working as a Pulmonary Function Technologist at Defendant's Pulmonary Function Lab at Defendant's Upper Chesapeake Medical Center, performing among other tasks, diagnostic testing on patients.

11. Ropiski received positive performance reviews during her tenure with Defendant, In her last 2008 performance review, Defendant scored her a 8.7 out of 10, and rated Charging Party "stellar" for "accountab[ility]," "team work," "effectiveness," "dependability," and "service excellence." Defendant noted that Ropiski "received many patient compliments in 2008 regarding her professionalism, knowledge, compassion, courtesy, friendliness, making the patient feel comfortable, and educating the patients to all the aspects of testing."

12. In January 2009, Defendant removed Ropiski from her position as a Pulmonary Function Technologist position due to its belief that her disability interfered with the safe performance of her job. Defendant placed Ropiski on leave and did not return her back to active employment.

13. On or about February 5, 2009 and February 18, 2009, Ropiski requested a reasonable accommodation to reduce and/or eliminate any alleged safety concerns about her performance as a Pulmonary Function Technologist.

14. In or about June 2009, the Maryland Division of Rehabilitation Services (DORS) recommended to Defendant numerous accommodations to reduce and/or eliminate any alleged safety concerns about Ropiski remaining in the position of Pulmonary Function Technologist.

15. Defendant refused to provide Ropiski reasonable accommodations to reduce and/or eliminate any alleged safety risk posed by Ropiski in her position as a Pulmonary Function Technologist.

16. Defendant advised Ropiski that it would search for other job opportunities that matched her qualifications and experience. Defendant notified her of only one such opening, that of Verification/Authorization Coordinator. Ropiski could perform the essential functions of the Verification/Authorization Coordinator position with or without a reasonable accommodation.

17. In or around September 2009, Defendant failed to reassign Ropiski to the vacant Verification/Authorization Coordinator position for which she was qualified.

18. Defendant did not refer or reassign Ropiski to any other vacant positions within Defendant's organization.

19. Defendant's refusal to reassign Ropiski to the Verification/Authorization Coordinator position or to any other positions for which she was qualified constitutes an

unlawful employment practice in violation of Sections 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A).

20. In the alternative, Defendant's refused to reassign Ropiski to the Verification/Authorization Coordinator position or to any other positions for which she qualified, because she engaged in protected activities, including but not limited to, requesting reasonable accommodations so that she could return to her Pulmonary Function Technologist position, seeking alternative accommodations so that she could remain employed by Defendant, and filing a Charge of Discrimination. This action by Defendant constitutes an unlawful employment practice in violation of Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a).

21. Defendant terminated Ropiski's employment effective August 15, 2009.

22. Defendant terminated Ropiski because of her disability.

23. Defendant's termination of Ropiski because of her disability constitutes an unlawful employment practice in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

24. In the alternative, Defendant terminated Ropiski because she engaged in protected activities, including but not limited to requesting reasonable accommodations so that she could return to her Pulmonary Function Technologist position, seeking alternative accommodations so that she could remain employed by Defendant, and filing a Charge of Discrimination. This action by Defendant constitutes an unlawful employment practice in violation of Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a).

25. In or about February 2010, the EEOC served Defendant with a Charge of Discrimination filed against it by Ropiski in January 2010.

26. On July 27, 2010, Ropiski applied for Defendant's Navigator, Comprehensive Lung Program position, a position which does not provide direct or indirect medical treatment or perform any testing.

27. Ropiski possessed the requisite qualifications for the Navigator position and could perform the essential functions of this position with or without reasonable accommodations.

28. Despite Ropiski's qualifications for the Navigator position, Defendant refused to re-hire her, claiming that her vision and hearing impairments rendered her unqualified for the position..

29. Defendant refused to rehire Ropiski into the Navigator position because of her disability.

30. Defendant's refusal to rehire Ropiski into the Navigator position constitutes an unlawful employment practice in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

31. In the alternative, Defendant's refusal to hire Ropiski for the Navigator position constitutes continuing retaliation against Ropiski because she engaged in protected activities, including but not limited to filing EEOC charges against Defendant. Defendant's action is an unlawful employment practice in violation of Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a).

32. The effect of the practices complained of above in Paragraphs 12-31 has been to deprive Ropiski, who was at all times a qualified individual under the ADA, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting lost wages and other pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ropiski.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the bases of disability or constitutes retaliation;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent retaliation from occurring in the future;

C. Order Defendant to make whole Ropiski by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D. Order Defendant to make whole Ropiski by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12-31, above;

E. Order Defendant to make whole Ropiski by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.     Order Defendant to pay Ropiski punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability and retaliation for having engaged in protected activity in the workplace;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ  
General Counsel

JAMES L. LEE  
Deputy General Counsel

GWENDOLYN YOUNG REAMS  
Associate General Counsel

*/s/ Debra M. Lawrence*  
DEBRA M. LAWRENCE  
Regional Attorney  
Bar. No. 04312  
(signed by Jennifer Hope with permission of D. Lawrence)

*/s/ Maria L. Morocco*  
MARIA L. MOROCCO  
Supervisory Trial Attorney  
(signed by Jennifer Hope with permission of Maria Morocco)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Baltimore Field Office  
10 S. Howard Street, 3rd Floor  
Baltimore, MD 21201

_____
JENNIFER L. HOPE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107